## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                                  )

**SERAFIN RODRIGUEZ, SR., et al.,**   )
                                                  )
       **Plaintiffs,**   )
                                                  )
       v.   )
                                                  )   **Civil Action No. 2012-100**
**HOVENSA, L.L.C., HESS CORPORATION,**   )
**WYATT, V.I., INC., TURNER ST. CROIX**   )
**MAINTENANCE, INC.,**   )
                                                  )
       **Defendants.**   )
_____)


_____
                                                  )

**FELICIA ARNO, et al.,**   )
                                                )
       **Plaintiffs,**   )
                                                 )
       v.   )
                                                )   **Civil Action No. 2012-101**
**HOVENSA, L.L.C., HESS CORPORATION,**   )
**WYATT, V.I., INC., TURNER ST. CROIX**   )
**MAINTENANCE, INC.,**   )
                                                )
       **Defendants.**   )
_____)


_____
                                                  )

**JOSEPH SONNY, et al.,**   )
                                                )
       **Plaintiffs,**   )
                                                 )
       v.   )
                                                )   **Civil Action No. 2012-104**
**HOVENSA, L.L.C., and**   )
**HESS CORPORATION,**   )
                                                )
       **Defendants.**   )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiffs*

**George H. Logan, Esq.,**
**Charles E. Lockwood, Esq.,**
St. Croix, U.S.V.I.

**George S. McCall, Esq.,**
Dallas, TX
   *For Defendant Turner St. Croix Maintenance, Inc.*

**Carl A. Beckstedt, III, Esq.,**
St. Croix, U.S.V.I.
   *For Defendants HOVENSA, L.L.C. and Hess Corp.*

**Bailey A. Calhoun, Esq.,**
St. Thomas, U.S.V.I.
   *For Defendant Wyatt, V.I., Inc.*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER is before the Court on Plaintiffs' Motions to Remand to the Superior Court of the Virgin Islands in the three above-captioned cases. (*Rodriguez et al.* 1:12-CV-100 Dkt. No. 27, *Arno et al.* 1:12-CV-101 Dkt. No. 19, *Sonny et al.* 1:12-CV-104 Dkt. No. 9). By Order entered on March 31, 2014, the cases were consolidated for the purpose of determining jurisdiction, in view of the common questions of law and fact raised by Plaintiffs' Motions to Remand. For the reasons that follow, the Court will grant Plaintiffs' Motions and remand the cases to the Superior Court.

### I.   Background

Plaintiffs initially filed suit in the Superior Court of the Virgin Islands against HOVENSA, L.L.C. and Hess Corporation in all three cases, and against Turner St. Croix

2

Maintenance, Inc. and Wyatt, V.I., Inc. in two of the three cases (collectively, "Defendants"). All of the Complaints share five counts in common: negligence, public and private nuisance, negligent or intentional infliction of emotional distress, and maintenance of an abnormally dangerous condition stemming from particulate matter, toxic emissions and discharges from the HOVENSA oil refinery on St. Croix.  Plaintiffs further allege nuisance *per se* and fraud in *Sonny et al.*, and negligence *per se* and negligent abatement in *Rodriguez et al.* and *Arno et al.* (Dkt. No. 1, Ex. A in each case).[1]  Plaintiffs claim to have suffered physical injury, increased likelihood of future harm, and property damage, as a result of air and waterborne particulate matter emissions and the discharges from the oil refinery.  (Dkt. No. 1, Ex. A).

References to federal environmental laws appear in each of the Complaints.  Specifically, in Count VII in *Rodriguez et al.* and *Arno et al.*, Plaintiffs allege:

> The actions of Defendants are in violation of the statutes of the United States and Virgin Islands laws, including but not limited to the regulations of the Environmental Protection Agency [("EPA")], the Clean Air Act, the Clean Water Act, the Oil [P]ollution Prevention Act of 1990, CERCLA, 42 U.S.C. Sec. 9601 et seq., RCRA, 42 U.S.C. 6901 et seq., and the Oil Pollution Act of 1990, 33 U.S.C. Sec. 2702 et seq., and any and all corresponding, correlating, and/or relating statutes regarding oil pollution in the Virgin Islands, and constitute negligent [sic] per se.

(Dkt. No. 1, Ex. A, ¶ 112 and ¶ 91 respectively).  In the background section of the Complaint in *Sonny et al.*, Plaintiffs allege:  "Defendant, Hess Corporation has a history of not adhering to EPA and local standards for emissions in its refineries . . . [and] knowingly failed to have HOVENSA adhere to clean air act laws and local laws." (Dkt. No. 1, Ex. A, ¶¶ 20-21).

Defendants removed the cases to this Court under 28 U.S.C. § 1441(a), contending that the alleged violations of federal law referenced in the Complaints constitute claims "arising

---

[1] Unless otherwise stated, citations to docket entries reflect the particular citation in each of the captioned cases.

3

under the Constitution, laws, or treaties of the United States," thus vesting this Court with federal question jurisdiction. (Dkt. No. 1). Plaintiffs have moved for remand, arguing that the citations to federal laws are simply evidence for the local counts, and do not therefore serve as a basis for federal question jurisdiction. Plaintiffs further argue that the cited federal laws are not essential to Plaintiff's claims because Plaintiffs have pleaded alternate theories of recovery based on local law. Accordingly, Plaintiffs contend that the Court lacks subject matter jurisdiction and removal was improper.

The Court agrees with Plaintiffs that federal question jurisdiction does not lie here. Because removal was therefore improper, the Court will remand the cases to the Superior Court.

## II. Discussion

### A. Applicable Legal Principles

Civil actions may be removed from the Superior Court to the District Court if this Court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed case must be remanded if at any point the District Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Where, as here, the parties are not diverse, this Court's jurisdiction must be based on the existence of a federal question under 28 U.S.C. § 1331. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Thus, in the absence of diversity jurisdiction, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Danielson v. Innovative Commc'ns, Corp.*, Civ. No. 2003-26, 2008 WL 2563642 (D.V.I. June 24, 2008) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S.*

*Cal.,* 463 U.S. 1, 10 (1983)). [2] Where removal was improper, remand is the appropriate remedy. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing the Court's subject matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004). Further, as Plaintiffs note, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986) (because removal jurisdiction raises substantial federalism concerns, it is to be narrowly construed); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (statutes are to be strictly construed against finding subject matter jurisdiction in the removal context).

When faced with determining whether the Court has original "arising under" jurisdiction, the "well-pleaded complaint" rule applies, under which the federal question must be presented on the face of the complaint. *Caterpillar Inc.*, 482 U.S. at 391-92. Based on its review of the complaint, the Court must first decide whether state or federal law creates the cause of action in question. The vast majority of federal question cases are those in which federal law creates the cause of action. *Merrell Dow*, 478 U.S. at 809. In those cases, federal courts unquestionably have subject matter jurisdiction and the inquiry ends. *Id*.

Where vindication of a right brought under local law requires construction of a federal law, courts may also find "arising under" federal question jurisdiction. *Gardiner v. St. Croix*

---

[2] Because the "arising under" language found in 28 U.S.C. § 1441 is nearly identical to the "arising under" language contained in 28 U.S.C. § 1331, the scope of removal based on "arising under" jurisdiction under § 1441 is considered to be identical to that under 28 U.S.C. § 1331—namely, a case must "[arise] under the Constitution, laws, or treaties of the United States" in order to present a federal question. *See Caterpillar Inc.* 482 U.S. at 391-92.

*Dist. Governing Bd. Of Directors,* 859 F. Supp. 2d 728, 732 (D.V.I. 2012). The Court exercises such jurisdiction when the case "turns on" federal law, meaning that "the plaintiff's right to relief necessarily depends on a substantial question of federal law." *Franchise Tax Board*, 463 U.S. at 28. In describing the basis for this "arising under" federal jurisdiction, the Supreme Court explained that federal courts may exercise jurisdiction over state law claims with an embedded issue of federal law only when the state law claim contains a federal issue that is "disputed" and "substantial," and when the exercise of federal jurisdiction is "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable & Sons Metal Products v. Darue Eng'g*, 545 U.S. 308, 313-14 (2005). Accordingly, the Supreme Court has stressed that it is a "slim "category" of cases where federal jurisdiction is properly exercised over an issue of federal law embedded within a state law claim, stating that "it takes more than a federal element 'to open the 'arising under' door.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

"Arising under" jurisdiction has also been sought when a state law cause of action is pleaded with both state and federal law theories. *Gardiner*, 859 F. Supp. 2d at 734. The Supreme Court has expressly rejected the exercise of federal jurisdiction over such cases, concluding that they do not "arise under" federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988). In *Christianson*, the Supreme Court held that when a complaint provides "'reasons completely unrelated to the provisions and purposes' of federal . . . law why petitioners 'may or may not be entitled to the relief [they] see[k],'" there is no "arising under" original jurisdiction. *Id.* at 812 (quoting *Franchise Tax Board*, 463 U.S. at 26).[3]

---

[3] In *Christianson,* the issue before the Court was one of patent law. The Court explained that resolution of the 28 U.S.C. § 1338(a) "arising under" inquiry in the patent context was governed by the same principles

The legal precedent on this issue, therefore, indicates that there are two possible grounds for federal question, or "arising under" jurisdiction. The first is that federal law actually creates a cause of action asserted by Plaintiffs. The second is that local law creates the cause of action, but one or more of the local claims necessarily turns on the construction of a substantial, disputed federal question embedded within the local claim. In the latter instance, a federal law theory must be required for recovery in order for federal question jurisdiction to exist. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (internal citations omitted); *Gov't of the U.S. Virgin Islands v. Vulcan Materials Co.*, Civ. No. 2006-170, 2010 WL 2654631 (D.V.I. July 1, 2010). Thus, if there is a non-federal basis for recovery for claims brought under state or local law, federal question jurisdiction does not lie for that claim. *See Rains*, 80 F.3d at 346. In other words, where a complaint "reference[s] [federal laws, but] none of its causes of action rely exclusively on a [federal] violation to establish [Defendant's] liability," the claimed federal violation is "insufficiently 'substantial' to confer federal question jurisdiction." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818-19 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 153); *see also Goepel v. Nat'l Postal Mail Handlers Union, a Div. of LIUNA*, 36 F.3d 306, 310 (3d Cir. 1994) (holding that a complaint does not raise a federal question by alluding to a federal contract). In sum, where the federal issue is not essential to Plaintiff's recovery, it is not considered substantial under *Christianson. Id.*, 486 U.S. at 810.

---

as the § 1331 "arising under" test. The federal patent law question in *Christianson* was essential to only one of several independent theories supporting the plaintiff's antitrust claim. The Supreme Court held that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Id.* at 810.

7

## B. Analysis

### i.  *Rodriguez et al.* and *Arno et al*

The Plaintiffs in *Rodriguez et al.* and *Arno et al.* cite federal law violations in Count VII of each Complaint, alleging that Defendants' actions are "in violation of the statutes of the United States and Virgin Islands laws, including but not limited to the regulations of the Environmental Protection Agency [("EPA")], the Clean Air Act, the Clean Water Act, the Oil [P]olution Prevention Act of 1990, CERCLA, 42 U.S.C. Sec. 9601 et seq., RCRA, 42 U.S.C. 6901 et seq., and the Oil Pollution Act of 1990, 33 U.S.C. Sec. 2702 et seq., and any and all corresponding, correlating, and/or relating statutes regarding oil pollution in the Virgin Islands, and constitute negligent [sic] per se."  (Dkt. No. 1, Ex. A, ¶ 112 and ¶ 91 respectively). Defendants argue that the references to federal law in Count VII constitute a federally-created cause of action. They also contend that the Complaints are predicated on allegations that Defendants are in violation of numerous federal pollution and emissions standards; that proof of violation of said standards is required for Plaintiffs to prevail on any of the local claims; and thus that federal questions are embedded in, and essential to, resolution of the local law claims. (Dkt. No. 38, pp. 3-4, 16-17).

In accordance with the legal principles discussed above, the Court must first decide whether Plaintiffs' claims in *Rodriguez et al.* and *Arno et al.* are created by federal law.  If not, the Court looks to whether the claims turn on a substantial and disputed question of federal law, as defined in *Grable* and *Christianson*, in order to determine whether "arising under" jurisdiction exists.

The Court agrees with Plaintiffs that Count VII does not constitute a federally-created cause of action.  While it is true that Count VII includes allegations that Defendants violated

several federal environmental laws, the Court finds that Count VII is a cause of action for negligence, with the alleged violations of federal law pleaded as evidence of negligence *per se*. This reading of Count VII flows logically from the fact that the alleged federal violations are cited, along with alleged violations of local laws, as "constituting negligen[ce] *per se*." (Dkt. No. 1, Ex. A, ¶ 112 and ¶ 91 respectively).[4]  Negligence is, of course, a local cause of action governed by Virgin Islands law. *See Cape Air Intern. v. Lindsey*, Civ. No. 2009-30, 2010 WL 2612600, *8 (V.I. June 20, 2010) (citing *Elassaad v. Independence Air, Inc.*, 613 F.3d 119, 131 (3d Cir. 2010)). A claim seeking redress under a state law cause of action is not a claim created by federal law. *See Gardiner*, 859 F.Supp.2d at 735-36. This is so even—as here—when violations of federal statutes are referenced therein. *See Valentino v. Story-Winn Fuel Co.*, Civ. No. 96-2962, 1996 WL 442658, *2 (E.D. Pa. Aug 5, 1996) (violations of federal law pleaded as evidence of negligence *per se* are presented to establish a standard of care, but did not confer federal question jurisdiction). Accordingly, the Court finds that Count VII is not a cause of action created by federal law, and thus federal jurisdiction does not lie on that basis.[5]

Although federal jurisdiction is not based on federal law *creating* the cause of action in

---

[4] In addition, Defendants' contrary reading of Count VII would suggest that, unlike each of the other six counts in the complaint which assert a single cause of action, Count VII asserts seven different causes of action—corresponding with each of the seven federal laws cited—plus causes of action for each of the associated local environmental laws. The Court does not consider such a reading of Count VII to be reasonable.

[5] Defendants argue in their Oppositions to Plaintiffs' Remand Motions that certain federal laws referenced in Count VII—namely RCRA and the Clean Air Act, provide for private rights of action where injunctive relief is sought; that Plaintiffs sought injunctions in the instant cases; and thus removal was appropriate. (*Rodriguez et al.*, Dkt. Nos. 38 at 3-7, 41 at 2-4). This argument is inapposite because it is predicated on a finding that Plaintiffs brought claims under the citizen suits allowed by the referenced federal laws. While federal courts may have jurisdiction over such suits, (*see, e.g., Raritan Baykeeper v. NL Indus.*, 660 F.3d 686, 692-93 (3d Cir. 2011), the Court finds that Plaintiffs' claims here are created by local tort law and *not* the federal laws referenced therein. Accordingly, whether the federal laws allow for private enforcement is not relevant to the instant inquiry.

Count VII, such jurisdiction may still lie if the case requires resolution of an embedded issue of federal law that is both substantial and disputed. *Mathews v. Kidder, Peabody & Co., Inc.,* 161 F.3d 156, 162 (3d Cir. 1998) (citing *Franchise Tax Bd.* 463 U.S. at 13). The Court finds, however, that federal jurisdiction does not exist on this basis under the circumstances here.

The Supreme Court, in *Christianson*, instructs that a federal issue is not substantial if implicated in only one of multiple alternative theories of recovery. *Id.*, 486 U.S. at 813. A theory, as opposed to a claim, is characterized by the fact that "a plaintiff may obtain the relief he seeks without prevailing on it." *Gardiner*, 859 F. Supp. 2d at 736. (citing *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187 (2d Cir.2005)). A claim with alternative, wholly non-federal theories of recovery "may not form the basis for [federal question] jurisdiction." *Christianson*, 486 U.S. at 810.

The Fourth Circuit, in *Mulcahey*, confronted this issue in examining a complaint analogous to *Rodriguez* and *Arno et al.*, in which violations of federal environmental laws were cited in the context of a negligence *per se* claim.[6] The Fourth Circuit noted:

> Examination of the complaint in the instant case reveals that the negligence *per se* claim citing the federal environmental statutes was only an alternative theory of liability under the Plaintiffs' negligence claim contained in Count I. Further, the district court admitted that "the federal issues in this case are not essential to the plaintiffs' claims ..." (J.A. 186A). In short, negligence *per se* under the federal environmental statutes is only one of the Plaintiffs' numerous theories of recovery, so that the federal issue raised thereby is not substantial pursuant to *Christianson.* Thus . . . no federal subject matter jurisdiction exists.

---

[6] In *Mulcahey*, the Complaint alleged: "The acts and omissions of Defendants violated applicable disposal and safety standards and notice provisions established by Federal, State and Local law, including, *inter alia,* the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq., Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601, et seq., Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1251, et seq., and the Clean Air Act ("CAA"), 42 U.S.C. § 7401. . . . By reason of the foregoing, Defendants are guilty of negligence *per se* and are liable for the resulting injuries suffered by Plaintiffs." *Mulcahey,* 29 F.3d at 150.

*Mulcahey*, 29 F.3d at 153-54.

As in *Mulcahey* and as instructed by *Christianson*, there is no federal jurisdiction here because there are alternative theories of recovery that do not implicate federal law. First, apart from the claim of negligence *per se* in Count VII, there is a separate count alleging negligence (Count I) which is an alternative theory of recovery that does not reference federal law. (Dkt. No. 1, Ex. A). Thus, there is a purely local negligence theory, completely independent of any federal law, that Plaintiffs have advanced as a basis for recovery and upon which they can prevail without implicating federal law. In view of this alternative negligence theory of recovery, there is no substantial federal issue upon which federal jurisdiction can be premised. *Mulcahey*, 29 F.3d at 153-54.[7]

Even if the negligence claim in Count I did not exist, or could not be deemed an alternative theory for the negligence *per se* theory in Count VII, the conclusion would be the same. This is because a federal issue embedded within a cause of action created by local law is not substantial, and thus there is no federal jurisdiction, where a claimant could proceed on the cause of action based on an alleged violation of local law alone. *Gardiner*, 859 F. Supp. 2d at 737. This renders the embedded federal issue a non-essential part of a local claim. Where a claim advances an alternative non-federal theory, exercising federal subject matter jurisdiction would "contravene the Supreme Court's instructions in *Christianson*." *Id*.

This is precisely the situation here, as in *Mulcahey*, where local laws provide independent

---

[7] The fact that the negligence and negligence *per se* theories in *Mulcahey* appear to have been pleaded in the same count—rather than in separate counts as in the instant cases—is immaterial. The critical fact is that negligence and negligence *per se* are grounded in the same claim. *Mulcahey*, 29 F.3d at 154 (citing *Christianson*, 486 U.S. at 810).

11

bases for Plaintiffs' recovery *within* Count VII. Specifically, in addition to citing several federal laws, Plaintiffs reference alleged violations of local environmental laws as constituting negligence *per se*—namely, violations of "any and all corresponding, correlating, and/or relating statutes regarding oil pollution in the Virgin Islands." (Dkt. No. 1, Ex. A, ¶ 112 and ¶ 91 respectively). Thus, Plaintiffs can proceed on the claim in Count VII under the banner of purely local environmental law, completely independent of any federal law. Under such circumstances, no "arising under" federal jurisdiction exists. *See Christianson*, 486 U.S. at 810-11.

Defendants nonetheless maintain that the situation in these cases is unique because Virgin Islands environmental laws incorporate federal emissions standards, and thus the lawsuits present a substantial federal question. (*Rodriguez et al.,* Dkt. No. 38, p. 16). This argument is without merit. As the New Jersey District Court aptly noted in *Horowitz v. Marlton Oncology, P.C.*, 116 F. Supp. 2d 551 (D.N.J. 1999): "If a state's legislature could borrow a federal definition for an element of a cause of action and thereby confer federal question jurisdiction upon a federal court, it would offend the concept that only acts of Congress may do so." *Id.* at 556. Thus, as a general proposition, Defendants' argument is misguided.

Moreover, contrary to Defendants' suggestion, the construction of Virgin Islands environmental laws does not require an interpretation of federal law where the local laws simply incorporate federal emissions standards. This is because the federal standards themselves are not at issue; rather, the disputed question is only whether Defendants have complied with the standards. *See Kalick v. NW. Airlines Corp.,* 372 F. App'x 317, 320 (3d Cir. 2010) (no substantial federal question where dispute was whether defendants abided by regulation, not the interpretation of the regulation itself); *see also Mulcahey*, 29 F.3d at 153. Accordingly, Defendants' argument must be rejected, because the fact that federal emissions standards may be

12

incorporated into Virgin Islands environmental laws does not create a disputed, substantial federal question upon which "arising under" jurisdiction can be based. *See Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Civ. No. 2012-4466, 2012 WL 7783142 (D.N.J. Dec. 31, 2012) (presence of a federal standard embedded within a state law cause of action does not constitute a substantial and disputed federal question).

In view of the foregoing, the Court finds that federal law does not create the causes of action, nor is there otherwise "arising under" jurisdiction asserted in *Rodriguez et al.* or *Arno et al.* Accordingly, there is no federal question jurisdiction and removal of the lawsuits to this Court was improper.

### ii. *Sonny et al.*

Based on the legal principles discussed above, the inevitable conclusion is that there is no federal jurisdiction in *Sonny*. Here, the sole reference to federal law in Plaintiffs' Complaint appears in the background section. Plaintiffs allege that "Defendant, Hess Corporation has a history of not adhering to EPA and local standards for emissions in its refineries . . . [and] knowingly failed to have HOVENSA adhere to clean air act laws and local laws." (Dkt. No. 1, Ex. A, ¶¶ 20-21). Plaintiffs then plead seven local tort claims—negligence, nuisance *per se*, public nuisance, private nuisance, intentional infliction of emotional distress, maintenance of an abnormally dangerous condition, and fraud. None of the counts assert a federal cause of action, nor is federal law mentioned in any of the local counts pleaded. There is thus no basis whatsoever for concluding that federal law creates a cause of action, or that there is a substantial, disputed federal issue embedded within a local cause of action. Indeed, one would have to completely ignore the applicable legal principles to conclude that federal question jurisdiction is created by simply including a passing reference to federal law in the background section of a

complaint. The Court cannot, and will not, engage in such a re-writing of the applicable law. Simply stated, the conclusion is inescapable that no federal jurisdiction lies in the *Sonny* case.

### III. Conclusion

Defendants have not carried their burden of showing that Plaintiffs' claims arise under federal law. Thus, this Court finds no basis for federal jurisdiction, and removal of these cases to this Court was therefore improper. Accordingly, these matters will be remanded to the Superior Court of the Virgin Islands. An appropriate Order accompanies this Opinion.

Date: March 31, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge